## SOAPE v. CITIZENS NAT. BANK OF HENDERSON.

### No. 1595.

Court of Civil Appeals of Texas. Waco.
June 20, 1935.

Rehearing Denied Sept. 26, 1935.

Bryan, Suhr, Bering & Bell, of Houston, and Stone & Wells, of Henderson, for appellant.

Brachfield & Wolfe, of Henderson, and McEntire, James & Clower, of Tyler, for appellee.

ALEXANDER, Justice.

In December, 1929, Frank Soape executed and delivered to the Farmers & Merchants National Bank of Henderson, hereinafter referred to as the "old bank," three notes aggregating $14,964.44, payable May 25, 1930. Before the maturity of these notes the bank was forced to suspend business as the result of financial difficulties, and while it was in the hands of a receiver H. E. Soape, father of Frank Soape, executed and delivered to said receiver the following written agreement:

"March 1, 1930.

"Farmers and Merchants National Bank, Henderson, Texas.

"For and in consideration of $1.00 (one dollar) I hereby guarantee and agree to pay on March 1, 1932, the indebtedness of Frank Soape to Farmers and Merchants National Bank, of Henderson, Texas, amounting to $14,964.44 (Fourteen thousand nine hundred sixty four dollars and forty four cents.)

"H. E. Soape."

Shortly thereafter the Citizens National Bank, appellee herein, was organized. This new bank took over the assets of the old bank, including the Frank Soape notes and the H. E. Soape guaranty, and assumed its liabilities. The new bank brought this suit against Frank Soape to recover on the notes and against H. E. Soape on the guaranty. The case was submitted to the court without a jury, and resulted in judgment for plaintiff against both defendants. H. E. Soape alone appealed.

H. E. Soape defended on the ground that the guaranty contract executed by him was without consideration. In this connection the plaintiff alleged that about the time of the execution of the guaranty contract, the receiver of the old bank and the citizens of Henderson were undertaking to bring about the organization of a new bank to take over the assets and assume the liabilities of the old bank; that the organization committee had rejected the Frank Soape notes as insecure and unsuitable to be accepted as assets of the new bank, and that said receiver called upon said H. E. Soape to guarantee the payment of the notes in question in order that said notes might thereby be rendered acceptable and the new bank caused to purchase them and to assume the liabilities of the old bank; that the said H. E. Soape then and there executed the guaranty contract for the purpose of inducing the new bank to purchase said notes and to assume the liabilities of the old bank; that at the time he executed the instrument in question he knew that the new bank was being organized and that said notes were to be and would be purchased by the new bank at their face value upon the strength of said guaranty; that thereafter the new bank was organized and it was caused to and did purchase said Frank Soape notes at their face value and it did assume the liabilities of the old bank

in reliance on said guaranty contract; and that the defendant has known continuously since then that said new bank did purchase said notes in reliance on said guaranty contract.

As before stated, the case was tried before the court without a jury. No findings of fact were requested or filed. Giving the evidence that construction most favorable to the judgment, we are of the opinion that it is sufficient to sustain the material allegations above set out.

The first material question to be determined is whether or not the new bank had a right to accept the offer of guaranty as contained in the written instrument sued on. The instrument is addressed to the old bank and on its face appears to be personal to it. However, under the pleadings and evidence it appears that, although it is addressed to the old bank, the maker actually intended that it should be exhibited to the new bank for the purpose of inducing it to purchase the Frank Soape notes at their face value and to assume the liabilities of the old bank, and that it actually accomplished that purpose. 28 C. J. 940 lays down the rule applicable to such facts as follows:

"A promise contained in a letter of credit written by persons who are to become the drawees of bills drawn under it, promising to accept such bills when drawn, which letter is addressed to the persons who are to be the drawers of the bill, but is designed to be exhibited for the purpose of inducing persons to advance money on it and take the bills when drawn, is an available contract in favor of the persons to whom the letter of credit is shown and who advance money and take the bills on the faith thereof. * * *"

Restatement of the Law of Contracts, § 54, under the head "Who may Accept an Offer," contains the following:

"A revocable offer can be accepted only by or for the benefit of the person to whom it is made.

"a. The words 'for the benefit of' are inserted to cover such contracts as are permitted by sec. 75 (2), namely those in which the offeror's promise to B is conditional on an act being done or a promise made by C in exchange for the offeror's promise. C's act or promise is an acceptance."

Since the promise of guaranty was made by H. E. Soape to the old bank for the purpose and with the intention that it should be exhibited to and acted on by the new bank, we are of the opinion that the new bank had a right to accept the offer of guaranty and to act thereon.

The act of the new bank in purchasing the Frank Soape notes at their face value and the obligation incurred by it in assuming the liabilities of the old bank in reliance on the guaranty constituted sufficient consideration for the promise contained in the guaranty, so as to create a binding contract as between the guarantor and the new bank. General Motors Acceptance Corp. v. Holland (Mo. App.) 30 S.W.(2d) 1087, par. 8; 10 Tex. Jur. 122. Since the new bank had a right to accept the contract, and since there was sufficient consideration as between it and H. E. Soape, it is not necessary for us to determine whether or not there was any consideration given by the old bank for the guaranty.

The judgment of the trial court is affirmed.